UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JUDY WILSON-RAMSEY                       CIVIL ACTION

VERSUS                                   NO: 07-7597

ALLSTATE INSURANCE COMPANY               SECTION: "J" (2)

### ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Rec. Doc. 5). For the reasons stated below, Plaintiff's Motion is **GRANTED**.

### BACKGROUND

Plaintiff filed this lawsuit to recover damages to property which she suffered as a result of Hurricane Katrina. The Defendant timely removed on that basis of diversity of citizenship. Plaintiff filed the instant motion to remand on November 29, 2007. The motion is unopposed.

### DISCUSSION

Plaintiff has filed a stipulation into the record, which indicates that Plaintiff's claim "does not exceed the sum of $75,000.00," and further that Plaintiff "will not seek or accept any damages . . . in excess of $75,000.00." (Rec. Doc. 5-3).

The jurisdictional facts that support removal are examined

at the time of removal.  When the amount of damages is not specified in the petition, a defendant can rely on the face of the complaint if it is apparent that the amount in controversy exceeds $75,000.  After a defendant has met its burden, a plaintiff must prove to a legal certainty that its recovery will not exceed the jurisdictional amount.  A defendant cannot simply point to state law that allows a plaintiff to recover more that she pled, and removal statutes are strictly construed in favor of remand.  *Berthelot v. Scottsdale Ins. Co.*, No. 06-9531, 2007 WL 716126 (E.D. La. March 6, 2007)(Barbier, J.).

Even though a stipulation cannot divest a federal court of its jurisdiction once it is vested, it may serve to clarify that an ambiguous petition was not removable in the first place.  *Id.* (*citing Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 883 (5th Cir. 2000)).  The petition in this case is ambiguous on its face as to the amount in controversy.  The stipulation filed in this Court clarifies that the amount in controversy is less than $75,000.00 and therefore never has been at issue in this case.[1]

Accordingly,

---

[1] If Plaintiff were ultimately awarded an amount in excess of this by the state court, and subsequently seeks to enforce the judgment for more than $75,000.00 including attorney's fees but excluding costs and interests, Defendant may then seek relief from judgment and sanctions against Plaintiff and her counsel from this Court.  *Midkiff v. Hershey Chocolate U.S.A.*, No. 98-1137, 1998 WL 419498, at *1 (E.D. La. July 21, 1998).

**IT IS ORDERED** that Plaintiff's Motion to Remand (Rec. Doc. 5) is **GRANTED**.  The above captioned case is **REMANDED** to the court from which it was received.

New Orleans, Louisiana this the 20th day of December, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE